IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY GATEWOOD, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-05-1894 |
| JOSEPH V. SMITH, WARDEN, | : (Judge Conaboy) |
| Respondent | : |

_____

**MEMORANDUM AND ORDER**

**Background**

Johnny Gatewood, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se petition pursuant to 28 U.S.C. § 2241. The petition is accompanied by an in forma pauperis application. Named as Respondent is USP-Lewisburg Warden Joe Smith.

Petitioner states that he was convicted of robbery affecting interstate commerce in violation of the Hobbs Act and two (2) counts of kidnaping following a jury trial in the United States District Court for the Western District of Tennessee. He was sentenced on December 29, 1997 to a term of life imprisonment.[1]

Following a direct appeal, Gatewood's conviction was

---

[1] Petitioner indicates that his sentence was enhanced under the three strikes statute.

affirmed, but his sentence was vacated and remanded for further proceedings in part.  See United States v. Gatewood, 184 F.3d 550 (6th Cir.  1999).  However, the Court of Appeals for the Sixth Circuit in an en banc decision subsequently vacated that determination.  See United States v. Gatewood, 204 F.3d 680 (6th Cir.  1999).  Thereafter, the Sixth Circuit affirmed the conviction and sentence imposed by the district court.  See United States v. Gatewood,  230 F.3d 186 (6th Cir. 2000).

In his present action, Gatewood asserts that his federal conviction violated his due process rights under the Fifth and Sixth Amendments.  Specifically, his petition contends that: (1) "he was plainly incompetent to stand trial, give any uncounseled statements pre-trial, et cetera;"[2] (2) the Sixth Circuit's en banc decision violated clearly established federal law; and (3) his sentence was excessive because the sentencing Guidelines are no longer mandatory.

Petitioner's claims are premised in part on the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000) and its more recent holding in United States v. Booker, 125 S. Ct. 738 (2005).  In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

---

[2] Doc. 1, ¶ 9(a).

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Booker reaffirmed Apprendi adding that the Federal Sentencing Guidelines were not mandates but advisory only.

Petitioner additionally notes that he did not previously challenge his conviction via a petition under 28 U.S.C. § 2255. Gatewood further indicates that because the limitations period for § 2255 has expired, he has no other available procedure by which to challenge the constitutionality of his conviction. See id. at ¶ 12.

## Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

A petition may be dismissed without review of an answer

"when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

The usual avenue for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is a § 2255 motion in the sentencing court. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (emphasis added). In his instant action, Gatewood is clearly challenging the legality of his federal criminal conviction and sentence which occurred in the Western District of Tennessee.

A § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.),

cert. denied, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Myers v. Booker, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)), cert. denied, 122 S.Ct. 1951 (2002).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.

> It has long been the rule in this circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."

United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (citing United States ex rel. Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (same). As noted by the Court of Appeals for the Fifth Circuit, a petitioner has the burden to prove that the remedy afforded by § 2255 is inadequate or ineffective.  Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Satisfaction of this burden cannot be accomplished by

showing that a prior § 2255 motion has been denied. In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil addressed what circumstances make a § 2255 remedy inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined supra at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249. The serious constitutional issue was that a change in substantive

6

law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Gatewood does not assert that his present action is based on either any newly discovered evidence or a new rule of law made retroactive to cases on collateral review. Unlike Dorsainvil, Petitioner's present claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction.[3] Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged. In this case, Gatewood has failed to present any facts suggesting that he was not involved in the alleged underlying criminal activity. Gatewood's claims are based on sentencing and competency related issues, primarily, that his sentence was improperly enhanced. Consequently, it is apparent that the claims for relief pending before this Court have nothing to do with the actual question of

---

[3] In Tyler v. Cain, 533 U.S. 656, 663 (2001), the United States Supreme Court established that a new rule of law cannot be retroactively applied to cases on collateral review unless the Court itself holds it to be retroactive.

7

Petitioner's guilt.  It is additionally recognized that in Okereke v. United States, 307 F.3d 117, 120-121 (3d Cir. 2002), the Third Circuit established that under Dorsainvil, § 2255 is not inadequate or ineffective to raise Apprendi claims.

Furthermore, Gatewood's petition is also premised in part on the Booker decision.  In Tyler v. Cain, 533 U.S. 656, 663 (2001),[4] the Supreme Court established that a new rule of law is not made retroactive to cases on collateral review unless the Court itself holds it to be retroactive.  The Court of Appeals for the Third Circuit recently held that the Booker decision does not have retroactive effect.  See Lloyd v. United States, 407 F. 3d 608, 615-16 (3d Cir.  2005).[5]  It has also been held that Apprendi cannot be retroactively applied.  United States v. Swinton, 333 F.3d 481 (3d Cir.  2003).

Since Booker and Apprendi cannot presently be applied

---

[4] While Tyler specifically addressed the detention of a state prisoner and thus a claim presented under 28 U.S.C. § 2254, the holding applies equally to a federal prisoner's § 2255 claim.  This is so because a § 2255 motion is the federal equivalent of a state habeas petition filed pursuant to § 2254 and was intended to mirror § 2254 in operative effect.  United States v. Vancol, 916 F. Supp. 372, 377, n.3 (D. Del.)(citing Reed v. Farley, 512 U.S. 339, 353 (1974)).  Precedent under § 2254 and § 2255 may be used interchangeably.  916 F. Supp. at 377 n.3 (citing Kaufman v. United States, 394 U.S. 217, 224-27 (1969)).

[5] Under § 2255(3), if Booker was made retroactive, Gatewood would have one (1) year from the date of that Supreme Court decision in which to assert a request for relief under § 2255.

8

retroactively to cases on collateral review, this Court is precluded from considering any such claims by Gatewood.  See United States v. Pinkston, 153 F. Supp. 2d 557 (M.D. Pa. 2001).

Pursuant to the above discussion, Petitioner may not assert his present claims under § 2241.  Accordingly, the petition will be dismissed without prejudice.  Gatewood, if he so chooses, may reassert any of his present claims by filing a § 2255 action or if appropriate, an application for leave to file a second or successive § 2255 petition.  An appropriate Order will enter.

AND NOW, THIS 28th DAY OF SEPTEMBER, 2005, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Petitioner's request to proceed in forma pauperis is granted.
2. The petition for a writ of habeas corpus is dismissed without prejudice.
3. The Clerk of Court is directed to close the case.
4. Based on the Court's determination herein, there is no basis for the issuance of a certificate of appealability.

                                              s/Richard P. Conaboy
                                              RICHARD P. CONABOY
                                              United States District Judge